IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERTO M. NAJERA, G-09093, )
        Petitioner, )   No. C 12-2608 CRB (PR)
  vs. )   ORDER OF DISMISSAL
P. D. BRAZELTON, Acting Arden, )   (Docket # 3)
        Respondent. )

## I.

Petitioner, a prisoner at Pleasant Valley State Prison (PVSP), has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a restitution fine entered by the Santa Clara County Superior Court in February 2008 as part of an 18 year sentence for various lewd or lascivious acts. Petitioner also moves for leave to proceed in forma pauperis under 28 U.S.C. § 1915 (docket # 3), which, good cause shown, is granted.

## II.

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage

(i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. Id. at 978-79. The second usage (i.e., that the application may be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. Id. at 980.

Petitioner's claim that the trial court erred in imposing a restitution fine because he is handicapped and unable to earn any money fails to satisfy the second custody requirement because success on the claim might cause the restitution fine to be set aside or modified but would not affect any restraint on petitioner's liberty. See id. at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty" as long as he has to serve the rest of his prison sentence in the same manner).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for want of "in custody" jurisdiction.

The clerk shall terminate all pending motions as moot, enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: June 1, 2012

CHARLES R. BREYER
United States District Judge

2

G:\PRO-SE\CRB\HC.12\Najera, R.12-2608.dismissal.wpd